IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| CLINTON MARTIN,<br>    *Plaintiff*,<br><br>v.<br><br>SUMMIT ENVIRONMENTAL SERVICE, LLC,<br>a Indiana Corporation; and, JOE EVANS,<br>Individually and in his Official Capacity with<br>Summit Environmental Services, LLC;<br>    *Defendants*, | COMPLAINT and JURY DEMAND<br><br>Civil Action No.: _____ |

**SERVE:**   SUMMIT ENVIRONMENTAL SERVICE, LLC
c/o CT Corporation System, registered agent
4701 Cox Rd Ste 285
Glen Allen, VA 23060

JOE EVANS
Boone, West Virginia

## COMPLAINT

Plaintiff, Clinton Martin ("Plaintiff"), by counsel, files this claim against Summit Environmental Service, LLC ("Summit"), an Indiana corporation, and Joe Evans, individually and in his official capacity with Summit (collectively "Defendants"), and alleges the following:

## INTRODUCTION

1. This is an action for declaratory judgement, injunctive and equitable relief, as well as monetary damages, to redress Defendants' unlawful employment practices against Plaintiff, including their discriminatory treatment and harassment of Plaintiff due to his

1

race and their unlawful retaliation against him after he complained about unlawful discrimination in the workplace in violation of Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981").

## JURISDICITON

2. The Court has jurisdiction over this action pursuant to 28 U.S.C §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of Plaintiff's rights under Section 1981.

## VENUE

3. Venue properly lies in this district pursuant to 28 U.S.C. § 1391(b)(2) since a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

## PARTIES

4. At all times relevant hereto, Plaintiff was a resident of Kanawha County, West Virginia.

5. At all times relevant hereto, Defendant Summit Environmental Services, LLC (sometimes "Defendant Summit"), was and is a foreign limited liability company organized under the laws of Indiana and was operating and engaging in business in Wise County, Virginia.

6. At all times relevant hereto, Defendant Joe Evans (sometimes "Defendant Evans"), was and is an employee and manager at Defendant Summit and, upon information and belief, a resident of Kanawha County, West Virginia.

## **ALLEGATION OF FACTS**

7. Plaintiff was employed by Defendants up through his termination on or about November 14, 2022.

8. Plaintiff was employed by Defendants under the direct supervision of Defendant Evans.

9. Plaintiff was hired though his union, IUPAT 53 in Charleston, West Virginia.

10. At all times relevant to this Complaint, Plaintiff was a member of a protected class as a Black American.

11. During the course of his employment, Plaintiff, and others similarly situated, were subjected to pervasive and hostile racial harassment from Defendant Evans.

12. On September 9, 2022, Plaintiff and others were working late on a cool rainy night in or around Wise, Virginia.

13. The work crew was hired in Kanawha County, West Virginia, given a vehicle, and instructed to drive to Wise, Virginia.

14. On that date, the workers were made up of predominantly African Americans along with three white workers performing their work duties with Defendant Summit under the direct supervision of Defendant Evans.

15. While on a work break, the workers were provided two places to eat, an open, outdoor tent and a heated trailer.

16. As Plaintiff approached the trailer for lunch, he was informed that Defendant Evans would not allow him in the trailer, which was reserved for the white workers.

17. In fact, all African Americans were denied access to the heated trailer in favor of the white workers who could utilize the space at-will.

18. Plaintiff sent a text message to his union representative, Steve Hicks ("Hicks"), about the conditions and the denial of access to the trailer to African Americans.

19. Hicks forwarded the texts of concern to Defendant Evans.

20. On September 14, 2022, Plaintiff was terminated by Defendant Evans, along with other African Americans hired out Kanawha County, West Virgnia and sent home.

21. Thereafter, Plaintiff was assigned a new job by his union out-of-state, working half the hours he was working under Defendant Evans.

22. Ultimately, Plaintiff was unlawfully fired from his job, without cause, in retaliation for making a good-faith complaint about racial discrimination on the worksite.

## COUNT I

### Section 1981- Discrimination and Retaliation on the Basis of Race

23. Plaintiff realleges the allegations contained in the preceding paragraphs of this Complaint as it set out fully herein.

24. Plaintiff is a member of a protected class on the basis of race. He is an African American male.

25. Plaintiff, in all respects, was performing his job in a manner that was consistent with Defendant Summit's legitimate business expectations.

26. Defendants discriminated against Plaintiff as described above, including but not limited to harassment, subjecting him to a hostile work environment, forcing him to take lunch breaks outside in the cold, not permitting him to take lunches inside the heated trailer with other white workers, denying him promotions and firing him.

27. Defendants violated Section 1981 by subjecting Plaintiff to retaliation for his protected complaints and opposition to Evan's discriminatory actions on the basis of race and ethnicity by, inter alia, termination of Plaintiff's employment with Defendant Summit.

4

28. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of Section 1981, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation and benefits for which he is entitled to an award of monetary damages and other relief.

29. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of Section 1981, Plaintiff has suffered and continues to suffer sever mental anguish and emotional distress, including but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence and emotional pain and suffering for which he is entitled to an award of monetary damages and other relief.

30. Defendants' unlawful retaliatory conduct constitutes a willful and wanton violation of Section 1981, and was outrageous and malicious, intended to injure Plaintiff, and undertaken with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

## COUNT II

### Intentional Infliction of Emotional Distress

31. Plaintiff realleges the allegations contained in the preceding paragraphs of this complaint as if set out fully herein.

32. Defendants intentionally, maliciously, outrageously, recklessly, and purposefully inflicted emotional distress on Plaintiff by the acts and omission described in this Complaint and in causing his termination from employment by the outrageous manner detailed herein.

33. Defendants' conduct was atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency in a civilized and enlightened society.

34. Defendants acted with the intent to inflict emotional distress, or acted recklessly when it was certain or substantially certain emotional distress would result from their conduct.

35. The actions of Defendants caused Plaintiff to suffer severe emotional distress.

36. The emotional distress suffered by Plaintiff was so severe that no reasonable person could be expected to endure it.

37. The extreme and outrageous character of Defendants' conduct arose from an abuse by them of a position or relationship to Plaintiff, which gave them actual or apparent authority over Plaintiff or power to affect his interests.

38. Defendants held a special relationship in which they had control over Plaintiff in the employer-employee relationship, and this relationship produced a character of outrageousness.

39. The employer-employee relationship entitled Plaintiff a greater degree of protection from insult and outrage than if he were a stranger to Defendants.

40. The employer, Defendant Summit, is responsible for its supervisory employees' outrageous actions toward Plaintiff.

41. Defendant Summit is liable for intentional or reckless infliction of emotional distress for refusing to stop Defendant Evans' outrageous conduct.

## PRAYER

**WHEREFORE,** Plaintiff prays for the following relief:

1. Trial by jury;
2. Declaratory judgement that Defendants' actions violate Section 1981 and the tort claims alleged;

3. Temporary, permanent and perpetual injunctive relief enjoining and restraining Defendants from engaging in the conduct described herein;

4. Damages set forth in this Complaint, including lost wages and benefits, back pay, front pay, and damages for indignity, embarrassment, humiliation, annoyance, inconvenience, and punitive damages in an amount to be determined by the jury;

5. Prejudgment interest as provided by law;

6. Attorney fees and cost; and

7. Such further relied as this Court may deem as equitable.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES TRIABLE TO A JURY**

CLINTON MARTIN

By Counsel

Dated: August 30, 2023

/s/ Thomas R. Scott, Jr.

Thomas R. Scott, Jr.
STREET LAW FIRM, LLP
P. O. BOX 2100
Grundy, VA 24614
(276) 935-2128 - Telephone
(276) 935-4162 – Facsimile
Trs@streetlawfirm.com
VSB No. 16513